## OCCIDENTAL LIFE INS. CO. v. HOLCOMB.

(Circuit Court of Appeals, Fifth Circuit. December 30, 1925.)

No. 4616.

1. Insurance ⊷455—Death in encounter of insured, if innocent of aggression, or if he could not reasonably anticipate injury from his aggression, held "accidental."

Where insured is innocent of aggression or wrongdoing, or, if he is aggressor, could not reasonably anticipate bodily injury, his death by being killed in encounter with another is "accidental," within usual accident policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

2. Insurance ⊷455—Death of aggressor, who knew or should have anticipated possibility of death in encounter, held not accidental.

Death of aggressor is not accidental, within accident policy, where he knew or should have anticipated that other might kill him in encounter.

**3. Insurance ⊆⟶529 — Insured's death in encounter held not accidental, within double benefit provision of life policy.**

Where insured, after his demand that G. sign written confession of improper relations with insured's wife was refused, shot G., was then shot and killed by G., *held*, that death was not accidental, within life policy entitling beneficiary to double benefit in case of accidental death.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action by Leta D. Holcomb against the Occidental Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. M. Bates, F. H. Lowrance, and C. H. Read, all of Dallas, Tex., for plaintiff in error.

W. P. McLean, Jr., of Fort Worth, Tex. (McLean, Scott & Sayers, of Fort Worth, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit on a policy of life insurance. It was filed originally in the Forty-Ninth judicial district court of Tarrant county, Tex., and removed to the District Court. The policy provided for indemnity of $2,500 for death from ordinary causes, and a rider was attached giving double benefit in case of death by accident. Prior to the bringing of suit, defendant had tendered the face of the policy, less $18.80, a balance due on account of premiums, and after removal that amount ($2,481.20) was deposited in the registry of the District Court. At the trial the jury was waived by stipulation, and the case submitted on an agreed statement of facts. Judgment was entered for the double benefit, less the balance due, with interest, for a penalty of 12 per cent. on the amount not tendered, and for $500 attorney's fees, under the Texas law, a total of $5,781.20.

The material part of the provision of the policy for double indemnity is as follows:

"That if the insured, while this policy is maintained in force by the payment of cash premiums, shall sustain personal bodily injury (excluding those received while engaged in military or naval service, whether as a volunteer or otherwise, or aeronautics, or suicide, or self-destruction, or any attempt thereat while sane or insane) which is effected by the happening of a purely accidental event, and which solely and independently of all other causes results in the death of the insured within 90 days thereafter, the company will pay the beneficiary, or beneficiaries, upon surrender of this policy and this supplemental agreement, double the face of the policy, making the total amount payable $5,000."

The salient facts shown by the stipulation are these:

Holcomb, the insured, resided in Fort Worth, Tex., with his wife. He became suspicious of her relations with one Green, employed as a delivery man by a laundry. On a certain day Holcomb met Green at his residence, while he was delivering laundry. Holcomb cursed and abused Green, and told him if he caught him there any more he would kill him. On April 7, 1924, a few days later, Mrs. Hooks, a sister of Mrs. Holcomb, had a conversation with Green by telephone, and asked him to meet her at Lowe's Pharmacy in the city of Fort Worth at 3 o'clock the same afternoon. Holcomb was present when she had the telephone conversation, and knew that she was to meet Green at the place appointed. That morning Holcomb had become enraged with his wife, choked her, and compelled her to sign a statement to the effect that she had had improper relations with Green.

Holcomb went to the pharmacy at about 2:30 p. m. and went behind a partition in the rear. Mrs. Hooks arrived about 2:45 at the pharmacy. Green came shortly after, but they were not acquainted; so did not meet. Green passed through the store and went back to where Holcomb was waiting. Holcomb immediately charged him with improper conduct with Mrs. Holcomb, prepared a written confession of guilt and an agreement to leave the city, and demanded of Green that he sign it. Green denied any improper relations with Mrs. Holcomb and refused to sign the statement. Immediately thereafter Holcomb drew his pistol and fired several shots into Green's body mortally wounding him. Green then drew his pistol and shot Holcomb, killing him instantly. Green died several hours later.

Defendant in error insists that under the facts above stated Holcomb's death must be considered accidental, and the beneficiary, his widow, entitled to be paid double benefit under the policy. In support of this contention reliance is had on the case of Lovelace v. Travelers' Protective Ass'n (decided by the Supreme Court of Missouri) 126 Mo. 104, 28 S. W. 877, 30 L. R. A. 209, 47 Am. St. Rep. 638, and the case of Hutcherson v. Sovereign

Camp, W. O. W. (decided by the Supreme Court of Texas) 112 Tex. 551, 251 S. W. 491, 28 A. L. R. 823. Without stopping to detail the facts in those two cases, and without expressing any opinion as to the correctness of the conclusions reached, it is sufficient to say they are easily distinguished from the case at bar. The terms of the policies were essentially different, and on the facts disclosed, although the insured in each case was the aggressor in an encounter in which he was killed, death was a somewhat remote possibility when the affair started.

[1, 2] It may be conceded that under certain circumstances an unlawful killing of the insured by another is to be considered accidental. The rule as laid down by the weight of authority, and of which the decisions quoted below are illustrative, may be stated as follows:

Where the insured is innocent of aggression or wrongdoing, and is killed in an encounter with another, his death is considered accidental, within the meaning of the usual accident policy. Interstate Business Men's Ass'n v. Lester, 257 F. 225, 168 C. C. A. 309. And even where the insured is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself or to the hands of another, the beneficiary may recover. Employers' Indemnity Co. v. Grant (C. C. A.) 271 F. 136, 20 A. L. R. 1118. But where the insured is the aggressor, and knew, or should have anticipated, that the other might kill him in the encounter, the death is not to be considered accidental. Taliaferro v. Travelers' Protective Ass'n, 80 F. 368, 25 C. C. A. 494.

[3] In this case the meeting of the two men was not accidental, so far as Holcomb was concerned, and it is apparent that any man of ordinary intelligence ought to have reasonably anticipated that Green would offer armed resistance. He had been threatened with death by Holcomb in the event of again visiting the latter's home, and had had ample time to arm himself. When Holcomb demanded that he confess to illicit relations with Mrs. Holcomb, he denied such relations, and refused to sign the written confession tendered him; thus proving himself a man of courage and determination. No one could have thought that such a man would supinely submit to being shot down, and Holcomb must have known that there was a strong probability of his suffering bodily injury at the hands of Green, when he attacked him. The facts in this case take it out of the general rule that injury at the hands of another is presumed to be accidental, and bring it within the exception illustrated by the case of Taliaferro v. Travelers' Protective Ass'n, supra.

The judgment appealed from is reversed, and the case remanded, with instructions to enter judgment in favor of defendant in error for the amount tendered. Defendant in error to pay costs of the District Court as well as this court.

Reversed.