## SMITH v. MUTUAL LIFE INS. CO. OF NEW YORK.

Circuit Court of Appeals, Fifth Circuit. March 9, 1929.

Rehearing Denied April 3, 1929.

No. 5415.

Jos. D. Barksdale, Otis W. Bullock, and Howard B. Warren, all of Shreveport, La., Winston K. Joffrion, of Alexandria, La. (Joffrion & Joffrion, of Marksville, La., and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, La., on the brief), for appellant.

Richard B. Montgomery and Richard B. Montgomery, Jr., both of New Orleans, La., R. F. White, of Alexandria, La., and Fred-

erick L. Allen, of New York City (White, Holloman & White, of Alexandria, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. Appellant was the beneficiary of three policies of insurance issued by the appellee insurance company on the life of her husband, Robert Hill Smith. Each of the policies provided for the payment of double indemnity upon proof that the death of the insured resulted from bodily injury "effected solely through external, violent and accidental means." The face amounts of the policies were paid without prejudice to the right to maintain suit upon the double indemnity provisions.

Appellant's petition alleged that one W. D. Haas, "without any excuse, justification or provocation whatsoever, shot the said Robert Hill Smith with a pistol, inflicting on his body a mortal wound, while decedent was sitting or standing at his desk in his usual place of business," etc. The insurance company pleaded a clause of the policies which provides: "Double indemnity shall not be payable in the event the insured's death * * * result from any violation of law by the insured," and alleged that the death of the insured resulted from his violation of the law, in that it occurred while he was engaged in assaulting and attacking the person who shot him. Trial by jury was waived in writing, and the District Judge rendered judgment for the insurance company.

■ There were no special findings of fact. Both parties moved for a judgment, but the evidence was not brought up for review. The only question raised by appellant is whether the trial court erred in refusing to adopt as a correct proposition of law the following request: "That upon the whole evidence and admissions in defendant's answer the burden is on the defendant to prove that the death was the result of causes enumerated in the exceptions contained in the double indemnity clause of the policies and specially pleaded in defense."

The above request, although it was duly excepted to, it is contended by appellee, presents nothing that an appellate federal court is authorized to consider by R. S. § 700, now 28 USCA § 875. But we think the ruling of the court on the request was a ruling in the progress of the trial, within the meaning of that section. In Fleischmann Construction Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624, it is said: "To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them." Appellant obtained a ruling upon the propositions of law requested by her in the manner pointed out by the Supreme Court in the just cited case.

■ The burden of proof was on appellant to show that the death of the insured resulted from bodily injury effected through external, violent, and accidental means. It being admitted by the pleadings that the insured was killed by another, it necessarily follows that his death was caused by external and violent means. Without further proof, a presumption arose that death was accidental. 1 C. J. 495. But that presumption only made out a prima facie case, in the absence of evidence to the contrary. Upon the submission by appellee of evidence tending to show that the insured was committing an assault in violation of law, the presumption was rebutted, and it was then incumbent on appellant to take the initiative again, and show by other evidence that death was accidental. 5 Wigmore, § 2491. This she could do by showing that Haas was the aggressor, or that the insured, even if he were the aggressor, would not, in the circumstances, reasonably have anticipated that he would be killed. Occidental Life Ins. Co. v. Holcomb (C. C. A.) 10 F.(2d) 125. The proposition of law which appellant sought to have the trial court adopt would have relieved her of the burden of proof which she assumed as plaintiff in the suit.

The judgment is affirmed.