## WHITE v. NEW YORK LIFE INS. CO.

District Court, W. D. Louisiana, Shreveport Division. July 18, 1929.

No. 1771.

S. N. Young and Edw. Barnett, both of Shreveport, La., for plaintiff.

Thatcher, Browne, Porteous & Myers, of Shreveport, La., for defendant.

DAWKINS, District Judge. This case has been submitted upon exceptions of no cause of action and vagueness as to the allegations of the petition. The suit is one upon life insurance policies containing double indemnity features, providing for the payment of double the face value if death resulted directly and independently of all other causes from bodily injury, effected solely through external, violent, and accidental causes. It is also alleged that each of the policies contained the following clause: "This double indemnity benefit will not apply if the insured's death resulted from self-destruction, whether sane or insane; from any violation of law by the insured; from military or naval service in time of war; from riot, insurrection or war or any act incident thereto; from engaging, as a passenger or otherwise in submarine or aeronautic operations; from physical or mental infirmity; or directly or indirectly from illness or disease of any kind."

The only allegation in the petition as to how the death occurred is found in articles VIII and IX, which are as follows:

"That on the 21st day of July, 1928, the said Cade W. White was the victim of an attack with a firearm in the hands of another person; and was then and there wounded in the abdomen from the direct effect of which wound, he died on the 26th day of July, 1928."

"That the death resulted directly and independently of all other causes from bodily injury effected solely through external violent and accidental cause."

My personal view upon the exception of no cause of action is that plaintiff had not only to allege affirmatively the means by which deceased came to his death, but that she had to set forth facts which would disclose that the deceased was not at fault in that he did not provoke or commit any act which in law would make him an aggressor in the difficulty. Under the allegations as they stand, as suggested by counsel for defendant, the language of this paragraph could easily cover the case of one killed in the commission of a crime or a felony escaping from custody, etc., in so far as any contrary allegation appears, which of course, under the policy, would not have made the insured liable. However, in view of the language used by the Court of Appeals for this circuit, in the recent case coming up from this district, of Smith v. Mutual Life Insurance Co. 31 F.(2d) 280, I am constrained to hold that the petition does state a cause of action.

Upon the plea of vagueness, however, I think the defendant is entitled to the facts called for in its motion, that is, he should allege the circumstances surrounding the alleged assault, the name of the assailant, if known, the nature of the firearm used, when, where, and how the attack was made, and it was accordingly so ordered.

The rights of both parties as to exceptions, etc., are reserved and may be presented when the court next sits in the Shreveport Division.