## ÆTNA LIFE INS. CO. v. GALLAWAY.
### No. 5757.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1930.

Harry P. Lawther, of Dallas, Tex., for appellant.

John R. Arnold and J. W. McDavid, both of Henderson, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

This is an appeal from a judgment in favor of appellee, the beneficiary of a life insurance policy, for double indemnity which was recoverable in the event the death of the insured should result from bodily injury "effected solely through external, violent and accidental means."

The insured was shot and killed intentionally by Morgan Compton, and his death was therefore caused by external and violent means; but appellant denies that such death was shown to have been caused by accidental means, because, as it contends, the insured as a reasonable man ought to have anticipated that Compton probably would kill him. To sustain that defense, appellant offered evidence tending to prove that the insured attempted, though without accomplishing his purpose, to become criminally intimate with Compton's wife; and visited her at her home after Compton in a jealous rage had warned him not to do so. The insured had been Mrs. Compton's family physician for many years, and it was shown by undisputed evidence that just prior to and at the time of the killing her mind was unbalanced, and that she had recently been in an asylum for the insane. Compton received his information of the wrong complained of only from his wife. In an interview between them, the insured denied to Compton the charge of wrongful behavior, and, according to evidence for appellee, did not, after receiving the warning above mentioned, call on or visit Mrs. Compton at her home or elsewhere. About two weeks after the interview, Compton stopped the insured as the latter was driving along a road on his way to see a patient, and shot him to death with a pistol, claiming at the trial of this case as sole justification therefor an alleged admission and statement by the insured, to the effect that the latter had visited Mrs. Compton since he had been warned never to do so again, and would go to see her at the Compton home whenever he wanted to in the future; and then asked, "What are you going to do about it?"

The District Judge, before whom the case was tried by written stipulation waiving a jury, in an opinion prepared by him, after assuming, but not deciding, that the insured as a reasonable man should have anticipated that Compton would kill him if the warning not to visit the Compton home should be disregarded, stated that he believed from the evidence that the insured obeyed the warning and stayed away from Compton's premises, and also that he did not believe the insured had been guilty of the wrongful conduct alleged against him. The evidence and circumstances abundantly sustain these conclusions. The denial and conduct of the insured under very trying circumstances were those of a man who was innocent of any wrongdoing. The evidence for appellee was sufficient to disprove the admission which Compton

claimed was made. And it is almost inconceivable that the insured, who was unarmed, would have made the boastful and defiant statement attributed to him by Compton, who with pistol in hand was threatening to kill him. The trial judge was fully justified by the evidence and circumstances in rejecting Compton's testimony that such statement was made by the insured.

The judgment is affirmed.