## KILLINGSWORTH v. ÆTNA LIFE INS. CO.
### No. 721.

District Court, E. D. Texas, Jefferson Division. April 25, 1931.

Beard & Abney, of Marshall, Tex., for plaintiff.

Harry P. Lawther, of Dallas, Tex., for defendant.

BRYANT, District Judge.

The above-entitled matter was tried before Honorable W. L. Estes, District Judge, deceased, and a motion for a new trial therein filed during his lifetime. At the time of the filing of the motion for a new trial, the following order was entered thereon by Judge Estes: "It is directed that the Clerk file the within motion and the same is taken under consideration. Jurisdiction of the case is retained for the purpose of disposing of same motion."

As the successor to Judge Estes, the author of this opinion is requested to act upon this motion for a new trial, pursuant to the provisions of section 776, title 28, USCA. As the evidence in such cause was taken in stenographic notes and perpetuated in record form, he is satisfied that he can and should pass upon such motion.

The plaintiff, during the pendency of the suit, married one George Hagemyer and the cause proceeded to judgment under her new name.

The principal question raised in the motion for a new trial involves essentially the interpretation and the effect of the testimony relating to the circumstances of the death of one Ike Killingsworth, the husband of the plaintiff.

The suit was on the double indemnity clause of the insurance policy issued by defendant, upon the life of Ike Killingsworth, deceased.

The death of the insured from gunshot wounds was proven, and the prima facie right of the plaintiff to recover was thus established. The defendant introduced the man who inflicted the wounds, and by him undertook to show that the death was occasioned by the wrongful conduct of the insured, rather than by accident, and other witnesses whose testimony tended to corroborate.

There was no other witness to the killing, but evidence relating to the physical circumstances attending the tragedy was introduced by both parties to the suit. For instance, the plaintiff had the sheriff of the county give the slayer's explanation respecting the wounds received by the deceased near the back or side of his head, which it was claimed was inconsistent with the testimony of the slayer on the trial. The plaintiff showed that the deceased was in a good humor when he went to the home of the slayer, where the killing occurred; and that the body, after being wounded, was removed from the immediate spot where the deceased was slain. There are perhaps other circumstances set forth in the record, calculated to disprove or to corroborate the accuracy of the testimony.

The case was submitted to the jury in a fashion that predicated the right of the plaintiff to recover upon a finding by them, from all the evidence, that the death of the insured was not precipitated or caused by his own wrongful conduct. The jury were told substantially that, if they should find that the death was not accidental, but that the deceased provoked or conducted himself so as to cause his death, they should find for the defendant. The verdict for the plaintiff, therefore, comprehends a finding that the death was accidental, in the sense that it was not invited or provoked.

The defendant is now urging a motion for a new trial, on the proposition that when the defendant's testimony was uncontradicted in essential respects, and showed the insured to have been in the wrong and to have caused or occasioned the controversy that resulted in his death, the presumption of accident attaching by reason of proof that the death resulted from gunshot wounds was overcome. The point is that, in such a state of affairs, the plaintiff, as a matter of law, is not entitled to recover.

The case of Smith v. Insurance Co. (C. C. A.) 31 F.(2d) 280, 281, a decision by Judge Bryan, has been cited as sustaining this contention. But I do not concur in this view. There a judgment had been rendered for the defendant upon findings of fact by the court that the conduct of the deceased brought about his own death. It was appealed upon the ground that the court should have adopted as correct the proposition that, "upon the whole evidence and admissions in defendant's answer, the burden is on the defendant to prove that the death was the result of causes enumerated in the exceptions contained in the double indemnity clause of the policies and specially pleaded in defense." In the course of the opinion it was stated that, "upon the submission by appellee of evidence tending to show that the insured was committing an assault in violation of law, the presumption was rebutted, and it was then incumbent on appellant to take the initiative again, and show by other evidence that death was accidental. * * * The proposition of law which appellant sought to have the trial court adopt would

have relieved her of the burden of proof which she assumed as plaintiff in the suit."

It is manifest that the court in that case had under consideration a case where the prima facie case had been overcome. The testimony in behalf of the defendant had been credited by the trial court. A presumption arose, when the death was shown to have resulted from gunshot wounds, that the killing was accidental, "but that presumption only made out a prima facie case in the absence of evidence to the contrary." The evidence to the contrary, when believed, overcame the presumption. The evidence manifestly was credible evidence, because the judgment rendered was in favor of the defendant. To have given, in that state of the record, the instruction that was proposed, would, said Judge Bryan, have relieved the plaintiff of the burden she assumed when she brought the case, that is, to show that the death was accidental. Obviously this record shows different conditions. The prima facie case was not overcome, because the jury did not credit the defendant's testimony.

The case of Welch v. Creech, reported in 88 Wash. 429, 153 P. 355, L. R. A. 1918A, 353, better illustrates the proposition here. The plaintiff sued the defendant for damages occasioned by the wrongful killing of her husband. The court directed the jury to find for the plaintiff, and the point was made that such charge was error, inasmuch as there was no evidence of negligence on the part of the defendant, no evidence tending to show a wrongful act. There was no evidence of negligence in the case, and so the question was whether the burden was upon the plaintiff to show, not only the fact of the killing, but that it was wrongful.

The jury were charged that "the fact of such killing, standing alone, unexplained and unexcused, would entitle plaintiff to recover whatever damage may be shown, but the defendant has pleaded and introduced evidence for the purpose of showing that he was excusable for the killing—that is, he was lawfully acting in self-defense. And you are instructed that the burden of proof is on the defendant to show this fact by a preponderance of the evidence. If, therefore, upon a full and fair consideration of all the evidence in the case, you believe from such evidence that the defendant was lawfully acting in self-defense, you will return a verdict in his favor, otherwise you will find against him on that point, and you will then consider as to the amount of damages."

A prima facie case was made out when the killing was shown, and, when the killing was reasonably accounted for, the question of whether the prima facie case had been met was one for the jury.

The mere fact that evidence was introduced establishing a defense would not be sufficient to overcome the presumption. It must be evidence of such a nature that the jury would believe it. The prima facie case and incidental presumption of law only puts a burden upon the defendant to speak to the extent, at least, of rebutting the presumption. If what the defendant says about it is not credited, then the presumption is not met.

Now, in this case, the jury were plainly charged that they should consider all the testimony and determine whether the death was the result of an accident, as that term has been defined to them, or whether, by his own wrongful conduct, the deceased precipitated or caused the tragedy. If no further evidence had been introduced than the fact that the death resulted from gunshot wounds, the plaintiff was palpably entitled to recover. If the death was the result of the deceased's own wrongful conduct, as the defendant's testimony tended to show, then the defendant should have recovered. The jury, having that issue before them, decided that the defendant's testimony was not to be credited, and therefore a verdict was had in favor of the plaintiff.

The same contention as is here urged seems to have been made by this same defendant in the case of Ætna Life Insurance Co. v. Mrs. Lottie Gallaway, 45 F.(2d) 391, in the Fifth Circuit Court of Appeals, under very similar circumstances, as, at page 42 of the brief for the appellant in that case, it is stated: "The shooting unexplained made out a prima facie case for the plaintiff. But when the defendant introduced evidence explaining the shooting, the rule is that the presumption that the death was accidental was rebutted and that then, upon the whole case, the burden was on the plaintiff to establish that the death was accidental" —citing authorities. But in that state of the evidence and in response to this contention the Circuit Court of Appeals said, 45 F.(2d) 391, at page 392: "The trial judge was fully justified by the evidence and circumstances in rejecting Compton's testimony [the slayer's] that such statement was made by the insured." Here it was equally the province of the jury to reject the testi-

mony of the slayer of the deceased as to the circumstances surrounding the killing, and especially so where such testimony was contradicted by the physical facts and other circumstances surrounding the killing.

The other ground of the motion for a new trial is as follows:

"The verdict was also contrary to the Charge of the Court in this: The Court instructed the jury that if they should return a verdict for the Plaintiff, they should find for said Plaintiff in the sum of $5,000 with interest thereon from the 7th day of January, 1929, together with the sum of $600 as penalty, as provided for by the Statute, together with such additional sums as they might find from the evidence to be a reasonable attorney's fee to be paid to the Plaintiff in this connection, and the verdict of the jury was as follows: 'We, the jury, find for the Plaintiff, Mrs. Ethel V. Hagemyer against the Defendant for the sum of $5,000 with interest thereon at the rate of six per cent. per annum from January 7th 1929 and for twelve per cent. of said sum of $5,000 and interest, as their statutory penalty and damages and for the further sum of $1,000 attorney's fee.'

"The judgment of the court entered upon said verdict is erroneous and contrary to the Charge of the Court to the jury in this: That judgment was rendered in favor of the Plaintiff, Mrs. Ethel V. Hagemyer for the sum of $5,000 with interest thereon at the rate of six per cent. per annum from January 7th, 1929, together with 12% of said sum of $5,000 and interest, as statutory penalty and damages and for the further sum of $1,000 as attorney's fee, making in all the sum of $6,977.07."

It is not necessary to detail the allegations of the petition relating to the claimed elements of recovery and whether or not they were sufficiently comprehensive to include the recovery of the 12 per cent. statutory penalty upon interest upon the $5,000, because the court in its charge specifically limited recovery for the plaintiff "in the sum of five thousand dollars with interest thereon from the 7th day of January, 1929, together with the sum of six hundred dollars as penalty."

 The verdict of the jury was as follows: "We, the jury, find for the plaintiff, Mrs. Ethel V. Hagemyer against the defendant for the sum of $5,000 with interest thereon at the rate of six per cent. per annum from January 7th 1929 and for twelve per cent. of said sum of $5,000 and interest, as the statutory penalty and damages and for the

further sum of $1,000 attorney's fee." The instructions of the court as to the amount of recovery were in no wise excepted to, and to the extent that the verdict allows a 12 per cent. recovery upon the interest upon the amount of $5,000 appears to be excessive.

Without reference to the amount that plaintiff might legally have recovered under the allegations of her petition, discussion of which does not appear to be necessary under the facts of this case, the verdict appears to be slightly excessive under the instructions of the court, which were not excepted to and which were binding upon the jury in its findings. However, as the excess is susceptible of exact computation and amounts to the sum of $40.40, and as the verdict of the jury is otherwise clear, definite, and specific, it would seem that this is a case demanding exercise of the practice of permitting a remittitur.

If a remittitur is filed by plaintiff in the sum of $40.40, as of the date of judgment herein and within thirty days from the date hereof, the motion for new trial will be denied, otherwise the same will be granted.