**ÆTNA LIFE INS. CO. v. HAGEMYER et al.**

**No. 6317.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

Rehearing Denied Dec. 15, 1931.

Harry P. Lawther, of Dallas, Tex., for appellant.

P. O. Beard and Cary M. Abney, both of Marshall, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of those suits upon a double indemnity provision in a life insurance policy in which the insured having come to his death at the hands of another, the beneficiary insists, and the insurer denies, that the death of the insured "resulted directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means." The only eyewitness to the killing was the slayer, Wiley Page, the nephew and tenant of the deceased, Ike Killingsworth. The appellant proffered him as a witness, and upon his version of the killing, that he shot only in self-defense and to repel his uncle's deadly assault upon him, the insurer requested a directed verdict. The lower court took appellees' view of the matter that, though no witness directly contradicted the testimony of Page as to the manner of the occurrence, the fact that circumstances in evidence tended to discredit it, and particularly the fact that Page, as the slayer of his

uncle, had the strong motive to exculpate himself from the guilt of parricide, made the issue, whether the killing was accidental within the meaning of the policy, one of fact. In an appropriate charge not complained of, he sent that issue to the jury. It is from a verdict finding that the death was accidental, a judgment on that verdict, and the later overruling of defendants' motion for a new trial (Killingsworth v. Ætna Life Ins. Co. (D. C.) 49 F.'(2d) 399) that this appeal is prosecuted.

Appellant presents two contentions here: (1) That the testimony of Wiley Page as to the killing, standing uncontradicted by the testimony of any other witness, must be as a matter of law accepted as true; and (2) if this is not so, and the self-exculpatory testimony of Wiley Page be rejected, the defendant was still entitled to its instruction, because, without his testimony, there was no sufficient explanation of the circumstances of the death to bring the killing within the terms of the policy.

 Appellant cannot stand on either of these contentions. Appellees' evidence, standing alone, made a prima facie case of accidental killing. Smith v. New York Life Ins. Co. (C. C. A.) 31 F.(2d) 281. This prima facie case the appellant did indeed rebut by the testimony of Wiley Page that he killed in self-defense, if this testimony had been accepted as true. The jury had the right, however, to examine that testimony in the light both of Page's interest in exculpating himself from blame, and of the discrediting and contradictory circumstances which the evidence afforded, and to accept or reject it in whole or in part as it in whole or in part commended itself to them as true. Casualty Reciprocal Exchange v. Parker (Tex. Com. App.) 12 S.W.(2d) 536; Ætna Life Ins. Co. v. Gallaway (C. C. A.) 45 F.(2d) 391; Mutual Life Ins. Co. v. Sargent (C. C. A.) 51 F.(2d) 4.

We have had recent occasion to fully consider the law of this kind of case. In the Sargent Case, we have discussed at some length the questions raised here as to what constitutes prima facie proof, and as to the existence of a jury issue upon the truth of testimony uncontradicted by direct evidence, where there is the fact of interest, or there are circumstances in the record which tend to discredit it. In further extension of our views, we refer to that case. The judgment is affirmed.