RAVEN HALLS, INC., Plaintiff, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

Supreme Court, Kings County, January 4, 1932.

*James E. Smyth* [*Denis M. Hurley* and *Rowland H. Long* of counsel], for the plaintiff.

*Jenkins, Dimmick & Finnegan* [*Murray G. Jenkins* of counsel], for the defendant.

JOHNSTON, J. This case was tried by the court without a jury. The defendant issued a liability policy to plaintiff indemnifying it against loss from all claims for bodily injuries including death

resulting therefrom *accidentally suffered* by any person other than employees of the assured by reason of and during the operation of assured's business. The policy also provided the defendant would defend any suit brought against the assured to enforce such a claim.

During the life of the policy an action was instituted in this court against plaintiff by Margaret Curry, as administratrix of the estate of Lloyd R. E. Curry, her deceased husband, for $100,000 damages. The plaintiff in that action claimed her husband's death was caused by injuries he sustained on June 25, 1926, when he was assaulted by one Avitable, an employee of plaintiff herein. Defendant refused to defend the action upon the ground it was not a claim covered by the policy because Curry's injuries and death were not caused by an accident. Plaintiff then retained counsel to defend the action. The case came on for trial before Mr. Justice CALLAGHAN and a jury and during the trial was settled for $11,000. This action is to recover that amount plus $750 counsel fee. It is conceded Curry's life was reasonably worth $11,000 and $750 is a reasonable counsel fee.

The evidence discloses that plaintiff owns and operates a bathing establishment at Coney Island. Curry, a policeman, was a patron. He in company with others visited a restaurant located on the premises and had luncheon. Curry drank whisky and became intoxicated. He was boisterous and disorderly and indulged in abusive and indecent language to plaintiff's cashier and threatened to beat and kill him. Avitable, an attendant employed at the bathing pavilion, was near the cashier's cage and without warning or provocation Curry brutally assaulted him, striking him a number of times on the head and shoulders with a bottle. During the scuffle Avitable seized a knife from a frankfurter stand and stabbled Curry six or eight times and a few hours thereafter Curry died.

Plaintiff contends because one of Avitable's duties was to preserve order he was acting within the scope of his employment and in furtherance of plaintiff's business and, therefore, it was answerable for his act even though he exceeded his authority. But this is not the issue here. The question presented for determination is whether the injuries inflicted upon Curry resulting in his death were *accidentally suffered* within the meaning of the policy. I know of no case where the courts of this State have determined whether a person assaulted and injured by an employee of the assured sustained an accidental injury within the purview of the liability policy. In Illinois and Ohio it was held he did not (*Briggs Hotel* v. *Zurich G. A. & L. I. Co.*, 213 Ill. App. 334; *Commonwealth Casualty Co.* v. *Headers*, 118 Ohio, 429). In Mississippi the Supreme Court has

recently decided he had (*Georgia Casualty Co.* v. *Alden Mills,* 156 Miss. 853). Neither of these cases is an authority for the proposition involved here. In each of them the person injured was assaulted without any provocation on his part. Here Curry not only provoked the assault but was the aggressor until he was fatally wounded.

" Accidental " is defined by Webster as " happening by chance or unexpectedly; taking place not according to the usual course of things." The word " accident " as used in an indemnity policy has been defined by the Supreme Court of Nebraska as " an undesigned and unforeseen occurrence of an afflictive or unfortunate character, resulting in bodily injury to a person other than the insured." (*Chapin* v. *Ocean Accident & Guarantee Corp.*, 96 Neb. 213.) This definition was adopted in *Melcher* v. *Ocean Accident & Guarantee Corp.* (226 N. Y. 51–56).

It is not disputed Curry started the fight, that he was assaulting Avitable at the time he was injured and that Avitable was justified in using force to defend himself. Plaintiff contends, however, that Avitable used more force than necessary and, therefore, Curry's death was accidental. It is true the character and location of Curry's wounds indicate Avitable may have used excessive force. It is equally true the provocation may not have been legal justification for the homicide. One repelling the attack of an infuriated assailant, however, cannot be expected to differentiate with exactness between lawful resistance and unjustifiable force. In determing the nature of the occurrence it must be considered from its beginning to its end. As was aptly said by Judge Cardozo: " The character of the liability is not to be determined by analyzing the constituent acts which, in combination, make up the transaction, and viewing them distributively. It is determined by the quality and purpose of the transaction as a whole " (*Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161–166). That Curry would be met with forcible resistance was not improbable but inevitable. The tragic result was unforeseen but his injuries were the reasonable, natural and probable consequence of his own vicious and criminal act. His death was the direct result of the assault he committed upon Avitable and not an accident within the meaning of the policy. This determination makes it unnecessary to consider the other points discussed by counsel. The complaint is dismissed.