## WELLS v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

District Court, W. D. Kentucky.
Aug. 8, 1939.

Wilbur O. Fields, of Louisville, Ky., for plaintiff.

Eugene Cochran and Bruce & Bullitt, all of Louisville, Ky., for defendant.

MILLER, District Judge.

Plaintiff has recovered on two policies of insurance covering the life of William Green and totalling $5,000. The policies were group policies covering employees of the Kendall Refining Company. Defendant contended among other things that Green's employment with the Kendall Refining Company had terminated prior to his death on January 18, 1934. The jury found for the plaintiff on the issue as to whether or not Green's employment had so terminated.

Defendant's motion for a new trial is based on the following grounds:

1. The Court should have peremptorily instructed the jury to find for the defendant.

2. The Court should have required plaintiff's counsel to open the final argument as well as permitting him to close such argument.

3. The verdict is flagrantly against the weight of the evidence.

This is the second trial of this case. In the first trial on practically the same evidence the jury also found for the plaintiff, but the judgment was set aside by the Appellate Court by reason of erroneous instructions. On that appeal the appellant contended that it was entitled to a peremptory instruction, which contention was rejected by the Circuit Court of Appeals, 6 Cir., 101 F.2d 608. The opinion in that case is therefore controlling insofar as the first ground of defendant's motion for a new trial is concerned.

In the final argument to the jury at the conclusion of all the evidence the Court gave the closing argument to counsel for the plaintiff, without requiring plaintiff's counsel to both open and close the argument. This was in accordance with the practice in the state courts and as provided by Section 317 of Carroll's Kentucky Codes (Civil Code of Practice). Defendant's counsel in claiming this to be a reversible error states that the new Rules of Civil Procedure for the Federal District Courts have changed the practice in the Federal Courts of Kentucky, but he does not cite to the Court the particular rule which requires the plaintiff to both open and close the final argument. The practice in the Federal Court for the Western District of Kentucky has been for many years past in accord with the state practice above referred to, and in the absence of some rule or statute making a change there is no reason to change the usual procedure in one particular case merely because it has been so requested by the defendant in that case. Although the party having the burden of proof might be entitled to both open and close if he so requested it, I do not believe that under the practice as it has existed in the Federal Courts in Kentucky such party would be required to open if he did not wish to do so. Accordingly, the second ground in defendant's motion for a new trial is not considered of merit.

The defendant also contends that the verdict should be set aside because it is flagrantly against the weight of evidence. The Court recognizes the rule as shown by numerous authorities cited by the defendant to grant a new trial under such circumstances but is of the opinion that the conflict of testimony and the question of credibility of witnesses was sufficient to justify a finding by the jury in favor of either the plaintiff or the defendant. Although defendant's evidence was strongly inferential that Green's employment had terminated on January 9, 1934, yet its own records did not conclusively show that to be a fact. The Insurance Company furnished the Refining Company register cards for each employee for the purpose of having indicated thereon when the employment of any employee terminated. Green's register card was not so marked until February 9, 1934. At that time it was dated back to show the termination of Green's employment as on December 31, 1933. However, the evidence is rather conclusive that Green's employment did not terminate at that time or at any time prior

to January 9, 1934. On January 2, 1934, the Refining Company actually paid the insurance premium for the month of January, which was later refunded. The way in which this entry was handled, obviously dated back to an arbitrarily selected date which would terminate the policy before Green's death, was sufficient to justify the jury in refusing to give any credence at all to the entry as of any date, and to treat the company's own record as showing the employment still in effect at the time of Green's death. Such a record would be enough by itself to sustain the verdict. In addition defendant's contention that Green was discharged on January 9, 1934, is based upon the testimony of its sales manager Shearer who testified concerning conversations with a party then deceased. The Appellate Court said on the previous appeal that this fact was "a circumstance to be considered, among others, by a jury in determining the credibility to be given to his testimony." [101 F.2d 610.] See, also, the statement of the Rule in Mutual Life Insurance Co. of New York v. Sargent, 5 Cir., 51 F.2d 4, 6, as follows: "* * * where * * * the testimony cannot be controverted because it relates to statements by or transactions with a decedent, whose lips are sealed by death, it is for the jury to judge the truth of the testimony, and to say whether the statements attributed to the deceased were in fact made by him. Aetna Life Ins. Co. v. Gallaway (C.C.A.) 45 F.2d 391; Casualty Reciprocal Exchange v. Parker (Tex.Com. App.) 12 S.W.2d 536; Smith v. Mutual Life Ins. Co. (C.C.A.) 31 F.2d 280; Note Kelly v. Jones, 8 A.L.R. 792."

Whether or not Green was discharged on January 9, 1934, was therefore a question for the proper consideration of the jury. Defendant's contention that Green was in any event discharged on January 11, 1934, as shown by the testimony of Thro, is answered by the opinion of the Circuit Court of Appeals on the former appeal, where, in referring to Crutchfield's contradictory testimony, it said, "if a jury should believe Crutchfield's testimony it was sufficient to support a finding that Thro did not give Green any definite and certain notice that he was discharged." In view of the uncertainty as to the exact date of the termination of Green's employment, if at all prior to his death, which even the defendant company shares in as shown by its amended answer, I do not believe the verdict of the jury is flagrantly against the weight of the evidence. The verdict of two successive juries strongly supports this view.

■ Defendant's formal motion for a new trial enumerates other grounds, but as they are not briefed and were not touched upon in the oral argument it is presumed they are abandoned. This includes the contention of defendant made at the trial that the Court's ruling on the issue of suicide was erroneous. Plaintiff's counsel has briefed this question in support of the Court's ruling but the defendant apparently abandoned its contention subsequent to the trial as no mention is now made of the point.

The motion for a new trial is therefore overruled.