## MULLANEY v. PRUDENTIAL INS. CO. OF NORTH AMERICA.

### No. 10012.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1942.

E. F. P. Brigham and Harold Kassewitz, both of Miami, Fla., for appellant.

L. S. Julian, of Miami, Fla., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

Charles Mullaney, appellee's insured, was shot and killed on November 3, 1939, in Miami, Florida. The only question for decision is whether his death was effected solely through violent, external, and accidental means within the double indemnity provisions of his policy. The cause was tried by the court without a jury, and resulted in a judgment for the appellee.

On the night of his death Mullaney had been drinking heavily. He attended a football game that evening, at which he continued to imbibe intoxicants freely until he became very drunk. During the intermission between halves of the game he wandered from the stadium a distance of approximately three blocks, and went to sleep on the driveway of the premises used by Charles Murray as his home. Nearly an hour later Murray and his wife, who had also been to the game, arrived and found Mullaney. When efforts to arouse him failed,

[5] Cf. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L. R. 1430.

the Murrays concluded that he was drunk. He was a stranger to them, but, by means of a telephone bill protruding from Mullaney's pocket, they obtained telephone numbers belonging, they hoped, to his family or his friends.

They had entered their house, and Mrs. Murray had called two of the numbers without receiving a response, when they heard Mullaney on the lawn using abusive language and attempting to enter the house. Murray thwarted Mullaney's efforts to enter the house, and ordered him off the premises. Mullaney walked across the lawn to the street. Murray then went to his bedroom and got his gun, returning to the porch to find Mullaney coming back to the house. Mrs. Murray called the police. Murray, brandishing his gun, repeatedly commanded Mullaney not to enter the house. The latter paid no heed, advancing upon the porch and saying that he would take Murray's gun and get Murray and his wife too. Murray retreated to the door entering the house, continuing his admonition. When Mullaney then advanced upon him, his intentions announced, Murray shot him four times and killed him.

To entitle this beneficiary to the double indemnity, the injuries resulting in death must have been unexpected, received by chance, and not in accordance with the usual course of things.[1] An effect that is the natural and probable consequence of a voluntary act is not produced by accidental means.[2] Upon these principles the rule has been established that, when one who is the aggressor in an altercation from which a fatal injury reasonably might or should be expected to result is killed, the death is not to be considered accidental.[3]

It is unquestioned in this case that Mullaney was the aggressor, and that the circumstances of the encounter were such that a fatal injury reasonably should have been anticipated to result. But it is claimed that Mullaney was too drunk to be conscious of what he did or of what result might follow. We conclude that the normal and probable consequences of an act may not be considered accidental, within the policy provisions, solely by reason of the fact that the actor was voluntarily incapacitated from discerning with normal clearness what might or might not reasonably be expected to result therefrom.[4]

The judgment appealed from is affirmed.

[1] United States Mut. Acc. Ass'n v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60; Mutual Life Ins. Co. v. Sargent, 5 Cir., 51 F.2d 4.

[2] Western Commercial Traveler's Ass'n v. Smith, 8 Cir., 85 F. 401, 40 L.R.A. 653; Aetna Life Ins. Co. v. Brand, 2 Cir., 265 F. 6, 13 A.L.R. 657; Continental Casualty Co. v. Willis, 4 Cir., 28 F. 2d 707, 61 A.L.R. 1069; Norris v. New York Life Ins. Co., 4 Cir., 49 F.2d 62.

[3] Occidental Life Ins. Co. v. Holcomb, 5 Cir., 10 F.2d 125; Smith v. Mutual Life Ins. Co. of New York, 5 Cir., 31 F. 2d 280; Mutual Life Ins. Co. v. Sargent, 5 Cir., 51 F.2d 4; Scales v. Home Life Ins. Co., 5 Cir., 89 F.2d 580.

[4] Cf. Raven Halls, Inc. v. United States F. & G. Co., 142 Misc. 454, 254 N.Y.S. 589.