## MacDONALD v. DU MAURIER et al.

District Court, S. D. New York.
Sept. 30, 1946.

654

See, also, 75 F.Supp. 655.

Charles S. Rosenschein, of New York City, for plaintiff.

Beekman & Bogue, of New York City, for Doubleday, Doran & Co.

O'Brien, Driscoll & Raftery, of New York City, for Selznick International Pictures, Inc., David O. Selznick Productions, Inc., and United Artists Corporation.

BONDY, District Judge.

This is a motion made by the defendant Doubleday, Doran & Company, Inc., for a summary judgment dismissing the complaint as against it.

The affidavits disclose the following among other facts from which the triers of the issues may reasonably infer that Daphne Du Maurier had access to plaintiff's copyrighted works: the issue of Hearst's International magazine for October, 1924, in which plaintiff's copyrighted story "I Planned to Murder My Husband" appeared, was sold in England, where Du Maurier resided; plaintiff's copyrighted book "Blind Windows" was published and sold in England in 1928; Du Maurier stated in her ·affidavit that she had not read Hearst's International magazine before the commencement of this action, notwithstanding that a story written by her was published in the issue of that magazine for May, 1931; an associate editor of the Hearst magazine called the attention of authors in London to plaintiff's magazine story during the period from January, 1925 to May, 1926; the agent through whom plaintiff's book was published in England has been Du Maurier's agent since 1926; plaintiff's book was referred to in the list of new books of fiction appearing in the London Literary Supplement for May 10, 1928; plaintiff's book was referred to in a list of new works of fiction appearing in "Flat 2" and "The Twister", written by Edgar Wallace, a close friend of Du Maurier and whose writings she admitted reading; these works of Edgar Wallace were published by the English publisher of plaintiff's book.

It does not follow from the fact that there is no direct evidence that Du Maurier heard of or read the plaintiff's works that the motion for summary judgment should be granted. Arnstein v. Porter, 2 Cir., 154 F.2d 464. Although Du Maurier has denied that she ever saw or heard of or had access to plaintiff's copyrighted works before the institution of this action, she is an interested witness. She has requested counsel for the moving defendant's attorneys to protect her interests in this suit so far as may be possible and has agreed to indemnify defendants Doubleday, Doran & Company, Inc. and Selznick International Pictures, Inc. against all claims for infringement. It is for the triers of the facts to determine how much of her testimony, if any, is to be accepted or rejected. Arnstein v. Porter, supra, page 469; Aetna Life Ins. Co. v. Hagemyer, 5 Cir., 53 F.2d 636, certiorari denied 285 U.S. 542, 52 S.Ct. 314, 76 L.Ed. 934.

Whether or not plaintiff was guilty of laches, is, under all the circumstances herein, a question of fact to be submitted to the triers of the issues.

The motion for summary judgment accordingly must be denied. See Mac-Donald v. Du Maurier, 2 Cir., 144 F.2d 696.

This motion was submitted for decision on March 29, 1946. The plaintiff died April 17, 1946. On September 25, 1946 this court ordered that the ancillary administrator of plaintiff's estate be sub-

stituted as plaintiff herein. Following the practice laid down in Mitchell v. Overman, 103 U.S. 62, 26 L.Ed. 369, an order will be entered denying the motion nunc pro tunc as of March 29, 1946, the date of its submission.

