Ada Bell Brown **HUGHES, Tutrix,**

v.

**STANDARD LIFE INSURANCE COM-
PANY OF INDIANA.**

Civ. A. No. 4694.

United States District Court
W. D. Louisiana, Shreveport Division.

May 15, 1956.

Henry Bethard III, Bethard & Beth-
ard, Coushatta, La., for plaintiff.

Sidney E. Cook, Cook, Clark, Egan,
Yancey & King, Shreveport, La., for de-
fendant.

DAWKINS, Jr., Chief Judge.

Since our original opinion, 139 F.
Supp. 490, was filed, defendant has ap-
plied for a rehearing. We have consid-
ered carefully the argument of its coun-
sel, its briefs, and the authorities cited
in support of its application. From this
study we have found no valid reason to
change our original opinion:

Mullaney v. Prudential Insurance
Company of America, 5 Cir., 125 F.2d
900, 901, cited and relied on by defend-
ant, in our judgment is not apposite
here. In that case the insured was the
aggressor in an affray in which he was
shot to death. As found by the Court,
" * * * the circumstances of the en-
counter were such that a fatal injury
reasonably should have been anticipated
to result." Therefore, his death was not
"accidental" in that it was not shown to
be "unexpected, received by chance, and
not in accordance with the usual course
of things." Thus, the claim for double
indemnity was denied.

Here there is no question but that the
insured's death was unexpected, received
by chance, and out of accord with the
usual course of things. Drowning occurs
ordinarily in only three ways: 1) by
accident, 2) by suicide, and 3) by homi-
cide. There is no contention—and there
could be none under the facts in evi-
dence—that the insured committed sui-
cide or was killed by someone else. He
drowned accidentally, as officially report-
ed by the Coroner.

Carolina Insurance Company v. Wil-
liams, 5 Cir., 210 F.2d 477, also cited
by defendant, likewise is inapplicable.
There the insured died from a ruptured
aorta. His beneficiary contended that
this happened when he was thrown ac-
cidentally from a horse. Since there
were no eyewitnesses, and because the
Court found that he just as reasonably

could have ruptured his aorta in straining to mount the horse as he could have in being thrown from it, recovery was denied. The Court held that it would have been pure speculation to conclude that his death resulted from the latter event. Hence, the plaintiff was not entitled to the double indemnity benefits of the policy.

Here, on the contrary, we know the insured's death resulted from drowning, and only from that. No speculation is involved in this factual finding, for the Coroner observed and officially reported that his lungs were filled with water. Speculation would be required only if we were to conclude, as defendant urges, that an epileptic attack caused him to fall into the lake.

Defendant further argues, on the authority of Appleman on Insurance Law and Practice, Volume 1, page 464, § 391, that the insured's death resulted from his "voluntary" act in going upon the lake when he knew he might suffer an epileptic attack and fall into it; hence, that there can be no recovery:

> "It has often been stated that if the insured performs a voluntary act the result of which, as a reasonable man, he should have foreseen would naturally and probably result in injury to himself, that such injury, when occurring, is not caused by 'accidental means' or even by 'accident,' as he is presumed to intend the natural courses of his conduct. So, where the probable result *actually did result*, so that injury resulted to the insured, recovery has been denied under the contract whether the term 'accidental means' or 'accident' alone was employed." pp. 464–465. (Emphasis supplied.)

This argument, and the authority upon which it rests, assumes what has not been proven, namely, that the insured actually fell in the lake while in the throes of an epileptic seizure. In any event, the same authority, in the very next paragraph, at page 465 et seq., states:

> "Other courts have held, consistent with the above rule, that where a voluntary act was performed, the result of which the insured could not see would *reasonably and probably* cause injury to him, recovery should not be barred in the event of injury. Thus, if the result is *unusual, unforeseen, and unexpected,* the requirement of 'accidental means' is satisfied, as is that of simple 'accident'. And even though the chain of circumstances leading to the injury was set in motion by the insured's voluntary act, *if the result was not the normal result* of his actions, or was reasonably unforeseeable, the insured has been permitted to recover under the doctrine of 'accidental means'. *This is especially true where the voluntary act is trivial compared to the result obtained, or where the injury is greatly disproportionate to the cause."* pp. 465–467. (Emphasis supplied.)

And, at page 475 et seq., § 393, entitled "External, Violent and Accidental Means", Appleman states:

> "Following these rules, it has been held that plaintiff must show that in the act preceding the injury something unusual, unexpected, or unforeseen occurred, as such injury must have happened by outward means occurring unexpectedly. It does not, however, require a total absence of latent contributing causes, *nor freedom from negligence on the part of the person injured. His carelessness will not bar a recovery unless it has advanced to the point of being intentional."* pp. 475–476. (Emphasis supplied.)

As applied to this case, it cannot be said that the insured should have anticipated, with reasonable certainty, that his falling into the lake and drowning would be the "normal", "expected" or "usual" result of his going fishing, even though he had experienced epileptic attacks in the past. It should be remembered, too, as shown in our original

opinion, that there was no adequate proof to show that he suffered an attack before he drowned. While he may have been negligent in going upon or near water, with his medical history, by no means can it be concluded that this caused his drowning or that his carelessness had reached the point whereby it could be called "intentional".

It is our opinion, therefore, that plaintiff amply sustained her burden of proving that her husband died " ' * * * as the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means ' ". [139 F.Supp. 491.] This holding clearly accords with, and is required by, the Louisiana jurisprudence. Donnell v. Prudential Insurance Company of America, La.App.1935, 160 So. 828, cited and quoted from extensively in our original opinion.

For these reasons, defendant's application for a rehearing must be and is denied.