Audrey L. PHILLIPS, Plaintiff,

v.

The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES,** a corporation, Defendant.

Civ. No. 72–875.

United States District Court,
D. Oregon.

Nov. 23, 1973.

Donald R. Wilson, Pozzi, Wilson & Atchison, Portland, Or., for plaintiff.

Laurence F. Janssen, Daryl L. Nelson, Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendant.

## OPINION

SKOPIL, District Judge:

### I.

### NATURE OF THE CLAIM

Plaintiff, Audrey Phillips, seeks to recover accidental death benefits under two policies of insurance issued by defend-

ant, The Equitable Life Assurance Society of the United States. Plaintiff is the beneficiary named by her deceased husband, Emanuel E. Phillips, to recover under these policies.

## II.

### JURISDICTION

Plaintiff is a citizen of the state of Oregon. Defendant is a corporation incorporated and having its principal place of business in the state of New York and having no principal place of business in the state of Oregon. Jurisdiction is conferred by diversity of citizenship and amount under 28 U.S.C. § 1332.

## III.

### FACTS

By stipulation, this case has been submitted on the witnesses' testimony given at the inquest and deposition. The parties agree that Oregon law governs the construction of the deceased's insurance policies.

On April 3, 1958, defendant issued policy No. 58,264,813, insuring the life of Emanuel E. Phillips. Defendant agreed to pay an amount equal to the face value of the policy—$10,000—upon proof that death of the insured resulted from "bodily injury caused directly and independently of all other causes by external, violent and purely accidental means". That policy excluded the accidental death benefit if the death resulted while the insured was "committing or attempting to commit an assault or felony".

On June 16, 1969, defendant issued life insurance policy No. 69,307,175 to Emanuel E. Phillips in the face amount of $10,000. That policy provided for an amount equal to the face value of the policy to be paid to the beneficiary upon proof that the death "resulted from accidental bodily injury, directly and independently of all other causes". It contained an exclusion voiding the accidental death benefit when the insured's death resulted from "any drugs, poison, gas or fumes, voluntarily or involuntarily taken, administered, absorbed or inhaled". The beneficiary of both policies was Audrey L. Phillips.

The death of the insured occurred on January 1, 1972, in Fayetteville, North Carolina. On December 31, 1971, the Phillips attended a New Year's Eve party. They returned to their home at approximately 5:45 a. m. on the morning of January 1, 1972. When they arrived home, a neighbor's dogs were barking. At about 6:00 a. m. Audrey Phillips called the sheriff's office concerning the dogs. Deputy Sheriff Weldon was dispatched to the Phillips' residence. While at the home, Weldon observed that Emanuel Phillips had been drinking, was unsteady on his feet, and had to grab Weldon several times in order to steady himself. After the deputy left, Emanuel Phillips told his wife that he was going out to quiet the dogs down.

Bruce Whitney, the man who shot Phillips, was awakened by the neighbor's dogs at approximately 6:45 a. m. on January 1, 1972. He went out to his back yard, carrying his rifle for protection, and saw a man in Warren's dog pen. He testified that he did not recognize the man, who was in fact Emanuel Phillips.

Whitney asked the man what he was doing, and the man gave an incoherent answer. Whitney then crossed the dividing fence between the yards, opened the gate of the dog pen, and let the man out. Whitney asked the man for identification, and the man mumbled something about killing the dogs and the sheriff. Whitney testified that he then tried to lead the man toward the gate. The man shoved him away and made some statement about not wanting to be touched. He left the man in the yard, went into his home, and called the sheriff. He informed the sheriff that there was a prowler in the yard.

As he hung up the telephone, he heard the man in his yard, using profanity, and requesting that Whitney come outdoors and fight. Whitney heard a

noise at his front door which sounded as though the screen door was being torn down. He picked up his rifle and went to the living room. Whitney heard the man kick the door twice, and on the third kick the door broke open. The man entered the living room. Whitney testified that the man approached him in an aggressive manner, and Whitney shot him.

The investigating authorities discovered that the screen door and inner door of Whitney's home had been damaged. Phillips' body was lying inside the door with his head facing toward the inside of the room. Phillips was dead on arrival at the hospital. He had a .29 blood alcohol count.

## IV.

### CAUSE OF DEATH

The Equitable Life Assurance Society contends that Phillips' death was not accidental under Oregon law. To entitle the plaintiff-beneficiary to the double indemnity, the injuries resulting in death must have been caused by "external, violent and purely accidental means" or "resulted from accidental bodily injury".

■ The word "accident" is to be given its common meaning—the meaning which a purchaser of a policy of accident insurance places upon that word when he buys the policy. The test is one of foreseeability. Therefore, an accident is an event happening without one's foresight or expectation. Finley v. Prudential Life & Casualty Ins. Co., 236 Or. 235, 388 P.2d 21 (1963). A death is accidental unless it was "a reasonably foreseeable consequence of conduct voluntarily undertaken" by the insured. Jones v. American Home Assurance Company, D.Or., Civ.No. 68–476 (January 5, 1970).

■ The term "accidental means" must be given the meaning which the ordinary purchaser of an insurance policy places upon that term. Ambiguities and uncertainties are to be resolved against the insurance company, Pope v. Benefit Trust Life Ins. Co., 261 Or. 397,

494 P.2d 420 (1972). An effect which is the natural and probable consequence of a voluntary act is not produced by accidental means. Mullaney v. Prudential Ins. Co. of North America, 125 F.2d 900, 901 (5th Cir. 1942).

■ The insured voluntarily elected to challenge Whitney to a fight. Phillips chose to tear down the screen door and kick in the door to the Whitneys' home. He voluntarily entered the Whitneys' living room and approached Mr. Whitney in an aggressive manner. Whitney was carrying his rifle when he spoke to Phillips in Warren's yard. He had the rifle in his hand as Phillips broke into the home and approached him in the living room. Phillips knew Whitney was armed and should have reasonably foreseen that he would be killed or assaulted with the rifle.

The plaintiff contends that Phillips was too intoxicated to be conscious of his actions or what result might follow. The normal and foreseeable consequences of Phillips' conduct, including his death, may not be considered accidental because he was voluntarily intoxicated and could not foresee what might reasonably be expected from his conduct. Mullaney v. Prudential Life Ins. Co., *supra*.

## V.

### CONCLUSION

The insured's death was not caused by "accidental means", nor did it result from "accidental bodily injury". Phillips' death was a reasonably foreseeable consequence of his attack upon Mr. Whitney. Since his death was not an accident under the terms of either insurance policy No. 58,264,813 or No. 69,307,175, the plaintiff is not entitled to recover the accidental death benefits under either of these policies. In light of my finding that the insured's death was not accidental, it will be unnecessary to consider the specific exclusion provisions of each policy.

The foregoing shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).